UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION FILE NO. _____
IN ADMIRALTY

GEICO MARINE INSURANCE          )
COMPANY                         )
                                )
                    Plaintiff,  )
                                )
        v.                      )
                                )
JASON SMITH and                 )
RAVI PAHUJA                     )
                                )
                    Defendant.  )
_____)

**PLAINTIFF GEICO MARINE INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, GEICO MARINE INSURANCE COMPANY, by and through

its undersigned counsel, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure and the

Local Rules of the United States District Court for the District of Massachusetts, and for its

Complaint for Declaratory Judgment would respectfully state as follows:

**PARTIES, JURISDICTION, and VENUE**

1.    This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec.

2201 et seq, in that a present controversy exists between the parties hereto in which the

Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract

of marine insurance which is in dispute.

2.    Venue lies within the District of Massachusetts as this cause arises out of a policy of marine

insurance delivered by Plaintiff to the Assureds named therein, the Defendants, JASON

SMITH and RAVI PAHUJA, alleged to be located at 57 Winter Street, Weymouth, MA

02188.

1

3.    This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.    Plaintiff GEICO MARINE INSURANCE COMPANY (hereinafter "GEICO") is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in the State of Maryland.

5.    Defendant JASON SMITH (hereinafter "SMITH") is a resident and citizen of the Commonwealth of Massachusetts.

6.    Defendant RAVI PAHUJA (hereinafter "PAHUJA") is a resident and citizen of the Commonwealth of Massachusetts.

**FACTUAL ALLEGATIONS**

7.    On or about June 26, 2019, Defendant SMITH and Defendant PAHUJA submitted to the Plaintiff an application for a policy of marine insurance to cover a 2006 27' Boston Whaler Model 270 Outrage with Hull Identification Number bWCE0175F506 (hereinafter "the insured's vessel").  Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

8.    A true and correct copy of the said application submitted to Plaintiff on or about June 26, 2019 by and on behalf of the Defendants is attached hereto as Exhibit 2.[1]

9.    Plaintiff agreed to issue its Policy No. BUS6293355-00, affording $30,933.00 in first-party Hull and Equipment coverage for the insured's vessel.

10.    A true and correct copy of Policy No. BUS6293355-00 is attached hereto as Exhibit 3.

---

[1] The Civil Cover Sheet is attached hereto as Exhibit 1.

11.   The Plaintiff's decision to issue Policy No. BUS6293355-00 was based upon the representations set forth in, and the material information disclosed in, the application.  Ex. 2.

12.   On or about August 2, 2019, the insured's vessel suffered a collision while being navigated on Dorchester Bay in Massachusetts.

13.   Following the report of the loss by the Defendants, Plaintiff GEICO caused a full investigation to be made into the facts and circumstances surrounding the said collision.

14.   The said investigation established that the insured's vessel had previously suffered a loss in 2016.

15.   The said investigation established that the insured's vessel suffered damage in 2016 from hitting an underwater rock.

16.   The said investigation established that the insured vessel suffered $34,052.00 in damage from hitting the underwater rock in 2016.

17.   Notwithstanding the facts established by Plaintiff's said investigation, Defendants have made a claim against the Plaintiff under the terms of Policy No. BUS6293355-00 demanding payment for the damage sustained when the insured's vessel suffered a collision on Dorchester Bay on or about June 26, 2019.

18.   Notwithstanding the facts established by Plaintiff's said investigation, Defendants have made a claim against the Plaintiff under the terms of Policy No. Policy No. BUS6293355-00 demanding payment in excess of the full insured value of the vessel covered under the terms of the said policy.

### FIRST CAUSE OF ACTION
### (Misrepresentation of Prior Loss and Damage)

19.    Plaintiff repeats, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth fully herein.

20.    Policy No. BUS6293355-00 states, in pertinent part:

**M.    Controlling Law**
This policy is to be construed under United States federal admiralty law.  In the absence of controlling United States federal admiralty law, this policy is to be construed under the laws of the state, territory or possession listed on the Declarations Page as **"your"** address of record, without regard to this jurisdiction's rules on choice of law.  Ex 3, p. 14 (Smith_UF000023).

21.    The Defendants breached the duty under federal admiralty law to fully and voluntarily disclose to the Plaintiff all facts material to the acceptance or continuance of the insurance, even if not asked.

22.    The Defendant misrepresented and/or failed to disclose material facts regarding in incident in 2016 in which the insured vessel suffered damage from a grounding.

23.    Had the Defendant disclosed the material facts referenced herein, the Plaintiff would not have agreed to issue Policy No. BUS6293355-00, would only have agreed to issue Policy No. BUS6293355-00 with different terms, or would only have agreed to issue Policy No. BUS6293355-00 at a higher premium.

24.    The Defendants' misrepresentation and/or failure to disclose material facts constitutes a breach of the duties imposed under the applicable principles of federal admiralty law.

25.    The Defendants' misrepresentation and/or failure to disclose material facts renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

26.    Notwithstanding the said nullification of the policy and the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants presented a claim for coverage for the damage alleged to have been sustained by the vessel as a result of the referenced collision of August 2, 2019.

27. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. BUS6293355-00. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

28. As a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**SECOND CAUSE OF ACTION**
**(Fraud or Concealment of Prior Loss and Damage)**

29. Plaintiff repeats, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth fully herein.

30. Policy No. BUS6293355-00 states, in pertinent part:

   **J.    Fraud and Concealment**
   There is no coverage from the beginning of this policy if any **"insured"** or any **"insured's"** agent has omitted, concealed, misrepresented, sworn falsely, or attempted fraud in reference to any matter relating to this insurance before or after any loss. Ex 3, p. 14 (Smith_UF000023).

31. Policy No. BUS6293355-00 states, in pertinent part:

   **M.    Controlling Law**
   This policy is to be construed under United States federal admiralty law. In the absence of controlling United States federal admiralty law, this policy is to be construed under the laws of the state, territory or possession listed on the Declarations Page as **"your"** address of record, without regard to this jurisdiction's rules on choice of law. Ex 3, p. 14 (Smith_UF000023).

5

32. The Defendants breached the duty under the express terms of Policy No. BUS6293355-00 to truthfully represent all facts in reference to any matter relating to Policy No. BUS6293355-00.

33. The Defendants misrepresented and/or failed to disclose facts regarding in incident in 2016 in which the insured vessel suffered damage from a grounding.

34. Had the Defendants disclosed the facts referenced herein, the Plaintiff would not have agreed to issue Policy No. BUS6293355-00, would only have agreed to issue Policy No. BUS6293355-00 with different terms, or would only have agreed to issue Policy No. BUS6293355-00 at a higher premium.

35. The Defendants' misrepresentation and/or failure to disclose facts constitutes a breach of the express terms of Policy No. BUS6293355-00.

36. The Defendants' misrepresentation and/or failure to disclose material facts renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

37. Notwithstanding the said nullification of the policy and the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants presented a claim for coverage for the damage alleged to have been sustained by the vessel as a result of the referenced collision of August 2, 2019.

38. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. BUS6293355-00. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

6

39.   As a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### THIRD CAUSE OF ACTION
### (The Policy's Coverage Limit)

40.   Plaintiff repeats, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth fully herein.

41.   Policy No. BUS6293355-00 states, in pertinent part:

| COVERAGES | AMOUNT OF INSURANCE |
| --- | --- |
| Hull and Equipment | $30,933 |

42.   Notwithstanding the policy's stated Hull and Equipment limit of $30,933.00, the Defendants have made demand upon the Plaintiff for $85,000.00.

43.   As a result of the Defendants' demand for payment far in excess of the policy's stated Hull and Equipment limit of $30,933.00, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. BUS6293355-00. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

44.   As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to

7

the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendants as regards the incident of August 2, 019 in which the insured vessel was damaged in a collision with another vessel;

(B) Declaring that Plaintiff's Policy No. BUS6293355-00 does not afford coverage to the Defendants for the incident of August 2, 2019 in which the insured vessel was damaged in a collision with another vessel;

(C) Declaring that Plaintiff's Policy No. BUS6293355-00 is null and voids from its inception due to the misrepresentation of material facts by the Defendants on the application for insurance.

(D) Declaring that Plaintiff's Policy No. BUS6293355-00 affords no coverage for the incident of August 2, 2019 due to the misrepresentation or concealment of facts on the application for insurance.

(E) Declaring that the maximum amount of Hull and Equipment coverage available under Plaintiff's Policy No. BUS6293355-00 is $30,933.00.

(J) That the costs of this action be taxed against the Defendant; and

(K) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: September 25, 2019

8

/s/ Michael Isaac Goldman
Michael I. Goldman, Esq.
MA Bar No. 677362
Goldman & Hellman
233 Harvard Street, Suite 211
Brookline, MA 02446
C (617)320-9854
F (617)566-4292
E michael@goldmanandhellman.com